# Ford et al. v. Deigendesch, ·Appellant.

*Negligence—Vehicle driver—Narrow street — Horse on trot — Slack rein—Shying of horse—Throwing of wagon on sidewalk— Injury to pedestrian—Case for jury.*

In an action for personal injuries, where it·appeared that the driver of defendant's horse and wagon drove the horse at a trot, with loose rein, along a six and one-half foot roadway bordered by a sidewalk only two feet in width, and that the horse suddenly shied and moved sidewise, throwing a wheel of the wagon upon the sidewalk and striking plaintiff, a small boy, the questions whether the driver had exercised due care in proceeding at such speed and with slack rein were for the jury, and a verdict and judgment for the plaintiff were sustained.

Argued March 26, 1918. Appeal, No. 347, Jan. T., 1917, by defendant from judgment of C. P. No. 4, Philadelphia Co., March T., 1917, No. 3533, on verdicts for plaintiffs in case of Francis X. Ford, by his next friend and father, William J. Ford, and William J. Ford, v. Paul H. Deigendesch. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries. Before AUDENRIED, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiffs, Francis X. Ford and William J. Ford, for $1,820 and $300 respectively, and judgments thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment non obstante veredicto.

248    FORD et al. *v.* DIEGENDESCH, Appellant.

*William G. Wright,* for appellant.

*Augustus Trask Ashton* and *Victor Frey,* for appellees, were not heard.

PER CURIAM, April 22, 1918:

The evidence in this case shows that an employee of defendant drove defendant's horse at a trot, with a loose rein, through a narrow roadway, some six and a half feet in width, bordered by a sidewalk only two feet in width. It appears that the horse suddenly shied, and moved sidewise, so that the wheel of the wagon to which he was attached, was thrown upon the narrow sidewalk, striking and injuring the plaintiff, a small boy. Whether or not the driver exercised due care, under the circumstances, in permitting the horse to travel at such a rate of speed, or whether it was careless in him to drive with a slack rein at that time and place, were questions for the jury to determine. Binding instructions in favor of defendant were properly refused, and the question of the driver's negligence was submitted to the jury in a charge to which no exception was taken.

The judgment is affirmed.